# ALEX SCHAFFNER *v.* DEPARTMENT OF REVENUE

Alex Schaffner appeared *in propria persona.*

Richard A. Uffelman, Assistant Attorney General, Salem, represented the defendant.

Decision for defendant rendered December 15, 1969.

EDWARD H. HOWELL, Judge.

The plaintiff is appealing from an opinion and order of the Department of Revenue which held that the valuation of plaintiff's residence should not be stricken from the tax rolls of Benton County.

As of January 1, 1968, the plaintiff's house and lot were valued by the county assessor at $21,291. The home was completely destroyed by fire on April 21, 1968.

The plaintiff contends that the value of the house should be stricken from the rolls because it was destroyed by fire and that a minor reduction should

be made in the value of the land because of damage caused by the fire.

■ Under ORS 308.205, ORS 308.210 and ORS 308.215(3), the assessor is required to assess all taxable property in the county at its true cash value as of the assessment day and hour which is January 1 at 1:00 a.m. There are no statutory provisions allowing the assessor to strike property from the assessment roll because it was destroyed subsequent to January 1. While the assessor has the authority until May 1 of the tax year to change the valuation placed on the roll, any change made does not reflect the value of the property at the time of the change but the value of the property as of January 1, the assessment date.

As there is no statutory authority allowing the assessor to strike property from the rolls because the property was destroyed by some means subsequent to January 1, the order of the Department of Revenue must be affirmed. If authority to adjust values in such cases would be justified, and there may be many administrative arguments against it, then the change must come from the legislature and not from the courts.

The order of the Department of Revenue is affirmed.